**SPO**
GARY E. SCHNITZER, ESQ.
Nevada Bar No. 395
KRISTOPHER T. ZEPPENFELD, ESQ.
Nevada Bar No. 12144
KRAVITZ, SCHNITZER &
JOHNSON, CHTD.
8985 S. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123
Telephone: (702) 362-6666
Facsimile: (702) 362-2203
Email: gschnitzer@ksjattorneys.com
         kzeppenfeld@ksjattorneys.com
*Attorneys for Defendant,*
*Ross Dress for Less, Inc.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BOCA PARK MARKETPLACE SYNDICATIONS GROUP, LLC, a Delaware limited liability company<br><br>Plaintiff,<br><br>vs.<br><br>ROSS DRESS FOR LESS, INC.; and DOES 1 through 20, inclusive,<br><br>Defendant.<br><br>ROSS DRESS FOR LESS, INC.<br><br>Counter-Claimant,<br><br>vs.<br><br>BOCA PARK MARKETPLACE SYNDICATIONS GROUP, LLC<br><br>Counter-Defendant. | Case No. 2:16-cv-01197-RFB-PAL<br><br>**STIPULATION AND ORDER FOR NONDISCLOSURE OF CONFIDENTIAL INFORMATION AND PROTECTIVE ORDER** |

WHEREAS Defendant/Cross-Claimant ROSS DRESS FOR LESS, INC., ("Defendant"), has in its possession or under its control certain financial documents, sales data, or protected information that contains or comprises trade secrets documents, property sales information and data, and financial documents which are considered confidential, sensitive and/or proprietary by Defendant (hereinafter the "Protected Documents and/or Protected Information"); and

WHEREAS Plaintiff/Cross-Defendant to this action, BOCA PARK MARKETPLACE SYNDICATIONS GROUP, LLC, ("Plaintiff"), without conceding privacy, the confidentiality, sensitivity or proprietary nature of such documents, wish to have access to the Protected Documents and/or Protected Information for purposes of prosecuting this lawsuit; and

WHEREAS Defendant contends that it could suffer irreparable harm if the Protected Documents, and/or Protected Information, or their contents were subjected to unauthorized disclosure;

NOW, THEREFORE, the Parties hereto hereby stipulate as follows:

1. Any documents and/or information to be produced subject to this Protective Order, including the Protected Documents and/or Protected Information shall, prior to being produced by Defendant, be stamped with a notation on each page thereof stating the following:

**PROTECTED DOCUMENT**

*Boca Park Marketplace Syndications Group, LLC v. Ross Dress For Less, Inc.,* United States District Court, District of Nevada; Case No. 2:16-cv-01197-RFB-PAL. This document is subject to a Protective Order. Unauthorized disclosure is prohibited.

Failure to stamp any such document at the time of its production shall constitute a rebuttable presumption that such document is not subject to the terms and conditions of this Protective Order.

For Protected Information produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "Confidential." If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, shall identify the "Confidential" portions.

2. Counsel for the parties receiving copies of Protected Documents and/or Protected Information stamped as provided in Paragraph 1, above, shall treat such documents and their

contents as confidential, to be used only for the purposes of this litigation. In particular, counsel shall not give, show or disclose the contents of any such document to any other person or entity except:

(a) The Court and its employees under seal, pursuant to the requirements of the Federal Rules of Civil Procedure, Rule 26(c), LR IA 10-5 and the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu,* 447 F. 3d 1172 (9th Cir. 2006);[1]

(b) The Parties' counsel of record, including partners and associate attorneys, and paralegal assistants, stenographic and clerical employees when working under the direct supervision of the counsel of record;

(c) The Parties' experts, consultants, agents, employees, officers, directors and investigators who are or will be consulted or retained to assist the parties in their preparation for and conduct of pre-trial and trial proceedings in this litigation;

(d) Court reporters and witnesses during depositions, hearing or trial. Disclosure of the identity of said consultants provided by Paragraph 4 below, shall not be deemed neither a waiver of either the attorney-client, or the attorney work product privileges, nor a disclosure of expert witnesses, pursuant to the *Federal Rules of Civil Procedure*, Rule 30 *et seq.*

3. Prior to providing or disclosing Protected Documents and/or Protected Information to any person described in subparagraphs 2(b) and/or 2(c), above, the Parties' counsel shall first inform such person that the Protected Documents and/or Protected Information

---

[1] If the sole ground for a motion to seal is that the opposing party (or non-party) has designated a document as subject to protection pursuant to the stipulated protective order, the movant must notify the opposing party (or non-party) at least seven days prior to filing the designated documents. The designating party must then make a good faith determination if the relevant standard for sealing is met as set forth in *Kamakana v. City and County of Honolulu,* 447 F3d. 1172 (9th Cir. 2006). To the extent the designating party does not believe the relevant standard for sealing can be met, it shall indicate that the document may be filed publicly no later than four days after receiving notice of the intended filing. The filing party shall then attach that declaration to its motion to seal the designated material. If the designating party fails to provide such a declaration in support of the motion to seal, the filing party shall file a motion to seal so indicating and the Court may order the document filed in the public record. In the event of any emergency motion, the movant shall file a motion to seal and the designating party shall file a declaration in support of that motion to seal within three days of its filing. If the designating party fails to timely file such declaration, the Court may order the documents filed in the public record.

are to be treated as confidential, to be used only for purposes of this litigation, and that these restrictions are imposed by Court order.

    4.    Prior to providing Protected Documents and/or Protected Information to any person, pursuant to section 2(c), above, the parties' counsel shall first provide such person with a copy of this Protective Order and have such person execute an acknowledgment and agreement to be bound by the terms of this Protective Order in the following form:

### ACKNOWLEDGMENT AND AGREEMENT RE: PROTECTED DOCUMENTS

The undersigned acknowledges that a Protective Order has been entered in United States District Court, District of Nevada, Case No. 2:16-cv-01197-RFB-PAL entitled *Boca Park Marketplace Syndications Group, LLC v. Ross Dress For Less, Inc.*. The undersigned acknowledges that he/she/it has received and read a copy of the Protective Order, understands the contents thereof, and agrees to be bound by its terms.

The undersigned acknowledges that violation of the terms of this Protective Order could subject the undersigned to sanctions or damages as provided by law.

The undersigned expressly submits to the jurisdiction of the United States District Court, District of Nevada for purposes of any action which might be necessary to enforce the terms of this Protective Order.

    5.    The disclosure or production by Defendant of Protected Documents and/or Protected Information, pursuant to this Protective Order, shall not be deemed to concede the relevancy, competency or admissibility of any document or of any matter set forth therein, and shall not be deemed a waiver of any privilege.

    6.    Any documents, materials, or DVDs stamped as containing any confidential information or any reference thereto, including document requests and responses thereto, interrogatories, interrogatory answers, other discovery documents, briefs, motions, declarations, and/or points and authorities shall be subject to this Protective Order and shall not be served on or provided to any person other than the categories of authorized parties designated in Paragraph

2, above.

7. Upon the written request of the producing party and not later than thirty (30) days following the final disposition of this action, whether by dismissal, settlement, final judgment or otherwise, counsel for all other parties shall deliver to counsel for the producing party all copies of the Protected Documents and/or Information in their possession or under their control, including copies provided to experts, consultants and any other person described in subparagraphs 2 (c), above.  Counsel shall, concurrently with delivery of the Protected Documents, deliver to counsel for the producing party the signed acknowledgments regarding Protective Order executed pursuant to paragraph above, and shall provide written certificates to Defendant's counsel that the terms of the Protective Order have been complied with by counsel of record by the parties.  Responding counsel shall be required to certify that counsel of record, including partners and associate attorneys, and paralegal assistants, stenographic, clerical employees when working under the direct supervision of the counsel of record, the parties' experts, consultants, agents, employees, officers, directors and investigators who are or will be consulted or retained to assist the parties in their preparation for and conduct of pretrial and trial proceedings in this litigation, and witnesses within responding counsel's control have complied with this Protective Order.  Responding party shall not be required to certify that Court personnel, court reporters or witnesses not within responding counsel's control have complied with this Protective Order.

8. Nothing in this Protective Order shall be deemed as a waiver of Defendant's rights to assert the attorney-client privilege and work product doctrine over any documents Defendant deems appropriate and on such basis.

9. This Protective Order shall continue to remain in full force and effect after the case is resolved solely for purposes of enforcing Paragraph 7 above.

10. This Protective Order encompasses the complete and entire agreement between the parties concerning the subject matter hereof.  The terms of this Protective Order shall not be modified except by a subsequent writing signed by both parties, and ordered by the Court.

11. Should any third party seek access to the Protected Documents and/or

Information, by request, subpoena or otherwise, the specific parties hereto and/or any other recipient of the Protected Documents and/or Information, as applicable, shall promptly notify Defendant's counsel in writing of such request, subpoena or otherwise, and shall refrain from providing any such access unless compelled by Court order or law to release the Protected Documents and/or Information.

12. Any dispute which arises under this stipulation and order, including any effort to contest the designation of Protected Documents and/or Information as confidential, shall be resolved by Motion made before the Court upon appropriate notice.

DATED: November 22, 2016.   KRAVITZ, SCHNITZER & JOHNSON, CHTD.

By: /s/ Kristopher T. Zeppenfeld, Esq.
GARY E. SCHNITZER, ESQ.
Nevada State Bar No. 395
KRISTOPHER T. ZEPPENFELD, ESQ.
Nevada Bar No. 12144
8985 S. Eastern Ave., Ste. 200
Las Vegas, NV 89123
T. (702) 362-6666
F. (702) 362-2203
*Attorney for Defendant,*
*Ross Dress for Less, Inc.*

DATED: November 22, 2016.   HEJMANOWSKI & McCREA, LLC

By: /s/Charles H. McCrea, Esq.
PAUL R. HEJMANOWSKI, Esq.
Nevada Bar No. 94
CHARLES H. McCREA, Esq.
Nevada Bar No. 104
520 South Fourth Street, Suite 320
Las Vegas, NV  89101
T. (702) 834-8777
F. (702) 834-5262
*Attorney for Plaintiff*
*Boca Park Marketplace Syndications Group, LLC*

/ / /

/ / /

**ORDER**

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Protected Documents and/or Protected Information so marked by the Parties are deemed Confidential to this litigation and may be released and disclosed only in accordance with the terms and provisions of the foregoing Stipulation, said terms and provisions being incorporated into this Order by this reference as though fully set forth herein.

IT IS SO ORDERED this  29th  day of November , 2016.

_____
UNITED STATES MAGISTRATE JUDGE

Submitted by:

KRAVITZ, SCHNITZER & JOHNSON, CHTD.


By:   /s/ Kristopher T. Zeppenfeld, Esq.
GARY E. SCHNITZER, ESQ.
Nevada Bar No. 395
KRISTOPHER T. ZEPPENFELD, ESQ.
Nevada Bar No. 12144
8985 So. Eastern Avenue, Suite 200
Las Vegas, Nevada  89123
T. (702) 362-6666
F. (702) 362-2203
*Attorney for Defendants,*
*Ross Dress For Less, Inc.*