UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BOCA PARK MARKETPLACE SYNDICATIONS GROUP, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ROSS DRESS FOR LESS, INC,<br><br>Defendant. | Case No. 2:16-cv-01197-RFB-BNW<br><br>**ORDER** |

### I.  INTRODUCTION

Before the Court are Defendant Ross Dress for Less Inc's ("Ross") Motion for Attorneys' Fees, Motion to Amend Judgment, and Motion to Seal. ECF Nos. 157, 163, 184. For the following reasons, the Court grants all the motions.

### II.  PROCEDURAL BACKGROUND

On April 18, 2016, Plaintiff Boca Park Marketplace Syndications Group, LLC ("Boca Park") filed a Complaint against Ross in the Eighth Judicial District Court in Clark County, Nevada. ECF No. 1-2. Boca Park brought the following causes of action: (1) a declaratory judgment stating that the co-tenancy provisions in the commercial lease at issue constituted the imposition of a penalty and were therefore unenforceable, and (2) breach of contract. Ross filed a Notice of Removal on the grounds of diversity jurisdiction on May 27, 2016. ECF No. 1.

On June 13, 2016, Ross filed an Answer and Counterclaim to the Complaint. ECF No. 6. Ross brought a counterclaim seeking a declaratory judgment, declaring that the co-tenancy provisions in the lease and lease amendment, together with the Substitute Rent provision contained therein, were negotiated at arm's length between parties of equal standing and were therefore

1 enforceable. Boca Park filed an Answer to the Counterclaim on June 20, 2016.  ECF No. 9.

2       In May 2017, Boca Park and Ross each filed Motions for Summary Judgment.  ECF Nos.
3 69, 72, 84.  The Court heard oral argument on the motions on March 20, 2018.  ECF No. 101.  In
4 an order issued March 28, 2018, the Court denied each Motion for Summary Judgment.  ECF No.
5 103.  The Court determined that factfinding was required for the Court to evaluate whether the co-
6 tenancy provision was a liquidated damages provision and whether it was enforceable.  The Court
7 therefore ordered that the case proceed to trial.

8       The Court held a pretrial conference on June 7, 2018 and a calendar call on August 28,
9 2018.  ECF Nos. 108, 134.  The Court conducted a bench trial on September 4, 2018 and heard
10 closing arguments on October 18, 2018.  ECF Nos. 139, 150. On June 20, 2019, the Court issued
11 its order granting judgment in favor of Ross and held that the co-tenancy provision of the lease
12 agreement between Plaintiff Boca Park and Defendant Ross did not constitute a liquidated
13 damages provision and is therefore enforceable. ECF No. 154.

14       Ross then filed the instant motion for attorneys' fees on July 3, 2019. ECF No. 157. A
15 response and reply were filed. ECF Nos. 172, 174. Ross also filed its motion to amend correct the
16 Court's findings of fact and conclusions of law on July 19, 2019. ECF No. 163. A response and
17 reply were also filed. ECF Nos. 176, 177. Ross also moved to seal one of the exhibits and
18 accompanying declarations. ECF No. 164. The Court held a hearing on the motions on April 29,
19 2020. ECF No. 180. This written order now follows.

20     **III.**    **LEGAL STANDARD**

21         **a. Motion to Award Attorneys' fees**

22      In federal court, the general rule is that "absent statute or enforceable contract, litigants pay
23 their own attorneys' fees." Indep. Living Ctr. of S. California, Inc. v. Kent, 909 F.3d 272, 281 (9th
24 Cir. 2018) (citing Aleyska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 257 91975).
25 "[S]o long as 'state law does not run counter to a valid federal statute or rule of court . . . state law
26 denying the right to attorneys' fees or giving a right thereto, which reflects a substantial policy of
27 the state, should be followed.'" MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.,  197 F.3d 1276,
28 1281 (9th Cir. 1999) (quoting Alyeska, 421 U.S. at 259 n.31).

Rule 54 of the Federal Rules of Civil Procedure requires a party to file a motion for attorney's fees and related nontaxable expenses. Fed. R. Civ. P. 54(d)(2). A party seeking to move for attorney's fees must file its motion no later than 14 days after entry of the judgement for which it seeks attorney's fees. Id. Local Rule 54-14 for the District of Nevada further provides that parties must include a reasonable itemization and description of the work performed and an itemization of all costs sought as part of the fee award that are not otherwise taxable. LR 54-14.  Moving parties must also provide a brief summary of various factors for the Court to consider.[1] Id.

### b. Motion to Amend Judgment Under Fed. R. Civ. P. 59(e) and 28 U.S.C. §2202

Federal Rule of Civil Procedure 59(e) permits a party to file a motion to alter or amend a judgment no later than twenty-eight days after the entry of the judgment. "Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." McDowell v. Calderon, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999). But the relief provided for is extraordinary and "should be used sparingly." Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011) (citing McDowell, 197 F.3d at 1255). The "four basic grounds upon which a Rule 59(e) motion may be granted [are]: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." Id.

Section 2202 of 28 U.S.C. provides that "further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment." 28 U.S.C. § 2202.

---

[1] The full list includes the results obtained and the amount involved, the time and labor required, novelty and difficulty of the questions involved, skill requisite to perform the legal service properly, preclusion of other employment by the attorney due to acceptance of the case, customary fee, whether the fee is fixed or contingent, time limitation imposed by client or circumstances, experience, reputation and ability of attorneys, undesirability of the case if any, nature and length of  the professional relationship with the client, awards in similar cases, and any other information the court may request. LR 54-14.

3

## IV.   DISCUSSION

### a. Motion for Attorneys' Fees

As the parties had a provision in their lease authorizing the award of reasonable attorneys' fees to the prevailing party, the Court will grant Ross's Motion for Attorneys' Fees. In their opposition to Ross's motion however, Boca Park raised several objections, including 1) that Ross's rates are unreasonable for the Las Vegas market; 2) that Ross should not be awarded fees incurred for Ross's failure to comply with discovery requirements; 3) Ross's extensive reliance on block billing was unreasonable; 4) Ross's billing records are too heavily redacted; and 5) certain fees demanded for trial were unreasonably vague and not non-taxable costs. The Court addresses these arguments and modifies the requested amount in attorneys' fees below.

### i. Reasonable Rate

A reasonable hourly rate should reflect the prevailing market rates of attorneys who practice in the relevant community, which is generally the forum in which the district court sits. Barjon v. Dalton, 132 F.3d 496, 500 (9th Cir. 1997).

To determine the prevailing market rate of the relevant community, the party seeking attorneys' fees may submit affidavits regarding prevailing fees in the community, and also rely on rate determinations in other cases as satisfactory evidence of the prevailing market rate. Beauchamp v. Anaheim Union Sch. Dist., 816 F.3d 1216, 1224 (9th Cir. 2016).

Ross's counsels' hourly rates are undisputedly on the high-end for the District of Nevada. See, e.g., Topolewski v. Blyschak, No. 2:16-cv-01588-JAD-NJK, 2018 WL 1245504, (D. Nev. Mar. 8, 2018) ("Rate determinations in other cases in the District of Nevada have found hourly rates as much as $450 for a partner and $250 for an experienced associate to be the prevailing market rate in this forum"); In re USA Commercial Mortg. Co., 802 F. Supp.2d 1147, 1180 (D.

Nev. 2011) (determining that applicable hourly rates between $275 and $775 were high when compared to prevailing market in District of Nevada); Marrocco v. Hill, 291 F.R.D. 586, 589 (D. Nev. 2013) (finding that rate of $375 an hour for partner with thirty-five years of litigation experience comported with prevailing rate in District of Nevada).

Indeed, defense counsels' hourly rates even exceed the rates in the sole District of Nevada case they cite to support their argument that their hourly rates are within the prevailing market rate for the District of Nevada. See Crew-Jones v. State Farm Mut. Auto. Ins. Co., No. 2:11-CV-00203-GMN, 2012WL 1947967, at *2 (D. Nev. May 30, 2012) (finding hourly rates of $250 to $750 "reasonable and consistent with each attorney's experience and with rates in the Las Vegas legal market"). The Court will therefore exercise its discretion and reduce the hourly rate of the partners involved in this litigation. The Court shall cap all hourly rates to $750/hr.

This means that partner Daniel F. Polsenberg, who billed 63.4 hours at a rate of $755 per hour and 191.5 hours at a rate of $785 per hour, shall have his total of $198,194.50 reduced to the amount he would have billed at $750 an hour. Billed at $750 an hour, that amount is now $191,175. The Court therefore reduces the attorneys' fees awarded by the difference, which the Court calculates to be $7,019.50.

**ii. Reasonable Hours**

Boca Park next argues that Ross's defense counsel impermissible relies on block-billing and argues for a 20-50% reduction in hours across-the board. Block billing occurs when an attorney or paralegal bills for a block of time rather than for each specific task. Welch v. Metropolitan Life Ins. Co., 480 F.3d 942, 948 (9th Cir. 2007).

Courts have the discretion to reduce hours that are billed in block format. Id.(holding that lower court had discretion to reduce hours that were block-billed but only for hours that were

actually billed in block format). In this case, it is primarily the Buchalter and Lewis Roca law firms that rely on block-billing rather than Kravitz. But the Court does not find the block billing employed by defense counsel in this case so severe as to make it impossible to determine whether the time spent on tasks was unreasonable. Despite the block billing, the descriptions of tasks are clear and the amount of time spent on tasks is reasonable overall. Accordingly, the Court will not reduce the hours billed.

The Court also does not find that defense counsels' use of redacted invoices precludes the Court from determining whether reasonable hours were incurred for this case. Information is still sufficiently available in the invoices for the Court to determine whether defense counsels' charges for time are reasonable. The Court also finds that Ross's supplemental affidavit clarifies further the nature of the tasks that were block-billed.

Overall, the Court concludes that the billings are reasonable. The Court could not locate any particular line items that seemed particularly egregious or purposefully inefficient. See Sorenson v. Mink, 239 F.3d 1140, 1146 (9th Cir. 2001) (noting that court has broad discretion when dealing with excessive staffing or overbilling).

Boca Park next criticizes defense counsel for overuse of partners and senior counsel in a move it argues was done to drive up the costs of litigation. The Court notes that the degree of hours billed by senior partners in this case is considerable but does not find that this is a sufficient basis by itself for the Court to reduce defense counsels' stated hours, and Boca Park could not identify any binding precedent that requires the Court to do so.

### iii. Billing for Discovery and Sanctions

Although Boca Park relies on a non-binding Federal Claims case and miscites a Supreme Court case to support this proposition, the Court does generally agree that it is not a good principle

for attorneys to be able to recover attorneys' fees based on their own sanctionable conduct. See Applegate v. United States, 52 Fed. Cl. 751, 767 (Fed. Cl. 2002) ("[I]t is the court's view that . . . any fees associated with sanctioned conduct are per se not "reasonable" and therefore, unrecoverable."). The Court finds that this principle should apply regardless of whether that conduct was due to bad faith or attorney error, as Ross claims in its defense.

Boca Park does not identify what portion of the requested attorneys' fees it believes were incurred in responding to Ross's discovery violations. The Court agrees with Ross that to strike fees accrued for all work invoiced for September 2016 to June 2017 is overbroad. However, Ross's defense counsel submitted a supplemental affidavit indicating that it billed $136,398.50 for work on discovery motions. The Court will accordingly reduce that amount from the final fee award issued.

### iv. Inclusion of Travel Expenses in Non-Taxable Costs and Duplicative Expenses

The Court does not find that defense counsels' requested costs are unreasonable. The record indicates that Ross removed the $1731.45 for transcripts for court proceedings from its taxable costs after Boca Park's objection to the inclusion of those costs in Ross's bill of costs. Boca Park has not indicated any other costs that appear to be duplicative, and the Court did not locate any other duplicative costs.

The Court further finds that Ross's defense counsel may recover travel costs. See, e.g., Grove v. Wells Fargo Fin. Cal.,Inc., 606 F.3d 577, 579 (9th Cir. 2010) (reviewing cases in which Ninth Circuit has upheld awards of non-taxable costs that include travel expenses).

1    Having reduced the top partner's billed rate to $750/hr and removed all the discovery-motion related fees from the award, the Court therefore grants Defendants' Motion for Attorneys' Fees but reduces the amount sought by $143,418.00.

### b. Motion for Further Relief Under 28 U.S.C. § 2202.

The Ninth Circuit has not yet ruled on the full scope of 28 U.S.C. § 2202, and whether it encompasses the award of monetary damages.

In Nautilus Insurance Company v. Access Medical, LLC, the Ninth Circuit came the closest it has to addressing the question. The Ninth Circuit reviewed the District of Nevada's decision denying a motion for further relief under 28 U.S.C. § 2202 in part on the ground that § 2202 does not provide for monetary relief and the party seeking the relief had not properly pled for such relief in their complaint. 780 F. App'x 457, 459 (9th Cir. 2019). On the question of whether §2202 allows for an award of monetary damages, the Ninth Circuit noted that "[Section] 2202's language is broad and does not seem to impose any stringent pleading requirements." Id. at 459. However, because the question in that case as to whether further relief could be granted depended on a question of Nevada law, the Ninth Circuit certified a question to the Nevada Supreme Court and stayed proceedings on the availability of further relief under § 2202 pending resolution of the certified question. Id. at 460.

Although Nautilus does not definitively resolve the issue, the Court finds it germane to this case. The Ninth Circuit does not seem to believe, and this Court agrees, that § 2202 precludes a granting of monetary damages, nor does the Ninth Circuit find that § 2202 has a stringent pleading requirement. The Court therefore applies that same principle here and finds that §2202 does authorize an award for damages. The language of the statute, which provides for "further necessary or proper relief based on a declaratory judgment," after notice and a hearing, is

sufficiently broad to encompass monetary damages. 28 U.S.C. § 2202. This is also a view that appellate courts that have explicitly examined the issue have also held. See Gant v. Grand Lodge of Texas, 12 F.3d 998, 1003 (10th Cir. 1993)("The grant of power contained in section 2202 is broad enough to vest the court with jurisdiction to award damages where it is necessary or proper to effectuate relief based upon the declaratory judgment rendered in the proceeding.").

The Court finds that an award of damages is necessary to effect relief based upon the declaratory judgment. This case involved a disputed provision regarding commercial rent payments. There was not dispute as to whether rent should be paid but only the amount of such rent. Upon resolution by the Court of the legal issue underlying the dispute between the parties as to the appropriate rent amount, the Court finds that a damages award reflecting the appropriate amount of rent actually due is necessary to effectuate the declaratory judgment of the Court.

The Court further notes that Boca Park has no objection to the calculation of the amount owed. During oral argument for this motion, the Court ordered that Ross provide Boca Park with the underlying account information that it used to calculate the amount owed and that Boca Park file any objections to the amounts calculated by May 13, 2020. ECF No. 180. Ross has since indicated that it has provided that information to Boca Park, and Boca Park did not file any objection by the required date.

Accordingly, the Court will grant Defendants Ross's Motion for Further Relief, and will award monetary damages. Based on Ross's affidavits, the Court awards the amount of $1,493,690.93, which represents the Rent Overpayment, plus calculated interest, which Ross's calculations indicate was $261,833.42, for a total award of $1,755,524.35.

### c. Motion to Seal

Defendant Ross also moves to seal its declaration establishing the amount in excess rent it paid to Boca Park. The declaration Ross seeks to seal is a declaration that the Court previously determined could be sealed in the Court's order on the parties' motions for summary judgment. Order Dated March 28, 2018, ECF No. 103. The Court therefore grants the motion as it finds that compelling reasons for sealing the documents—maintaining confidentiality of Ross' financial projections and other non-public information—still apply.

## V.   CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Ross Dress for Less, Inc's Motion for Attorney Fees (ECF No. 157) is **GRANTED** in part. The Court awards 1,119,808.80 in attorneys' fees to Defendant. The Court also awards Defendant all costs for which an invoice was submitted in support of its motion.

**IT IS FURTHER ORDERED** that Defendant Ross Dress for Less, Inc's Motion to Amended/Correct Findings of Fact & Conclusions of Law (ECF No. 163) is **GRANTED**. The Court shall amend the judgment and award monetary damages to Defendant Ross Dress for Less, Inc as follows: The Court awards the amount of $1,493,690.93, which represents the Rent Overpayment, plus calculated interest as of May 20, 2020, which Ross's calculations indicate was $261,833.42, for a total award of $1,755,524.35.

**IT IS FURTHER ORDERED** that Defendant Ross Dress for Less, Inc's Motion to Seal (ECF No. 164) is GRANTED.

DATED: <u>May 31, 2020</u>.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**